IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-171-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| EDGAR ANTONIO LAGUNAS-OCAMPO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court for defendant's sentencing. On September 12, 2007, defendant plead guilty to one count of illegal reentry of an aggravated felon in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). Defendant is sentenced in accordance with this memorandum opinion and Judgment Order entered contemporaneously herewith.

STATEMENT OF REASONS

Imposing a sentence, following the United States Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), under the advisory guidelines is a multi-step process that begins with correctly determining the defendant's Guideline range. United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007). In making this determination, except as set forth below, the court accepts the facts and recommendations as set forth in the Presentence Investigation Report ("PSR"). Upon motion by the government, the court grants a three point deduction for defendant's acceptance of responsibility, adjusting the base offense level of twenty-four (24) to a total offense level of twenty-one (21). See U.S.S.G. § 3E1.1(b). Analyzing defendant's past criminal conduct, the court assigns

defendant nine criminal history points, placing him in Criminal History Category IV. The advisory guideline range for a base offense level of twenty-one (21) and a Category IV offender is fifty-seven (57) to seventy-one (71) months' imprisonment. Defendant makes no objection to the court's Guideline range determination.

The court next considers whether a sentence within the calculated range "serves the factors set forth in [18 U.S.C.] § 3553(a) and, if not, select[s] a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). Defendant has a fifteen (15) year history of engaging in criminal conduct and demonstrating a general disrespect for the law. This criminal history includes three convictions for assault on his ex-girlfriend, including one assault which occurred in the presence of a minor child. As demonstrated by defendant's extensive record, a sentence within the calculated guideline range does not adequately "promote respect for the law, . . . afford adequate deterrence to criminal conduct; . . . [or] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). Thus, after examining defendant's criminal history, and in light of his rate of recidivism, the court finds defendant's pattern and practice of endangering the public at large, as well as individuals close to him, warrants an upward departure from the calculated Guideline range.

Selecting a sentence outside the Guideline range requires two additional steps. First, the court "should . . . look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). "If an appropriate basis for departure exists, the district court may depart." Id. Second, the court must determine whether the resulting range serves § 3553(a)'s sentencing factors; if it does not, the court may then elect to impose a variance sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

# I. Upward Departure Based on Inadequacy of Defendant's Criminal History Category

United States Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.3 enables upward departures where a defendant's criminal history category inadequately reflects his actual criminal history. Section 4A1.3(a)(1) states: "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." The types of information forming the basis for an upward departure may include information concerning:

(A) Prior sentence(s) not used in computing the criminal history category . . . .

(B) Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.

(C) Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order.

(D) Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.

(E) Prior similar adult criminal conduct not resulting in a criminal conviction.

U.S.S.G. § 4A1.3(a)(2) (2006).

In United States v. Dalton, 477 F.3d 195 (2007), the Fourth Circuit addressed whether the district court reasonably concluded that a departure above the advisory guidelines' sentencing range was warranted. In Dalton, the defendant had an extensive criminal history including forty (40) arrests; however, nine of the defendant's offenses were not given criminal history points because they occurred more than ten (10) years prior to the offense in issue, while eleven (11) more were not assigned points because they were "related" to the matter before the court. Id. at 198. In crafting

its sentence, the district court calculated a total criminal history score by adding the twenty-three (23) points from offenses not previously scored to the points from counted offenses, and arrived at a number well above the thirteen (13) points needed to establish Criminal History Category VI. Id. The Fourth Circuit held that the defendant's forty (40) arrests, combined with additional evidence demonstrating the defendant's continuing pattern of criminal behavior, provided a reasonable basis for an upward departure pursuant to U.S.S.G. § 4A1.3. Id.

In this case, the government moved for an upward departure pursuant to U.S.S.G. § 4A1.3, in-part because defendant has several prior sentences which were not used in computing his criminal history. See U.S.S.G. § 4A1.3(a)(2)(A). Defendant's criminal history represents a fifteen (15) year span of property offenses and assaultive conduct. Similar to the defendant in Dalton, defendant has numerous unscored convictions and a continuing pattern of criminal activities. In particular, defendant has nine convictions which were not scored in his PSR. Eight of defendant's prior convictions were not scored pursuant to U.S.S.G. § 4A1.2(e)(3) because they were outside of the relevant time period. The additional conviction was not scored due to the maximum number of one-point convictions permitted pursuant to U.S.S.G. § 4A1.1(c). Had these unscored convictions been scored, defendant would have had an additional nine criminal history points. Thus, but for the restrictive nature of §§ 4A1.2(e)(3) and 4A1.1(c), defendant's total criminal history score would be eighteen (18) instead of nine, and his Criminal History Category would be a VI instead of a IV. Accordingly, an upward departure is warranted.

An upward departure also is warranted where a defendant's criminal history indicates a high likelihood of recidivism. Dalton, 477 F.3d at 199-200; United States v. Denkler, 232 Fed. Appx. 336, 2007 WL 2012431, *4-5 (4th Cir. July 10, 2007) (unpublished). Here, the PSR indicates a

4

likelihood that defendant will be a recidivist. Specifically, the PSR states that defendant previously was placed on probation/parole twelve (12) times, that it was revoked on four separate occasions, and that defendant was charged with numerous probation violations. See United States v. Lawrence, 349 F.3d 724, 728 (4th Cir. 2003) (finding that prior violations of supervised release, including parole and probation, indicate a high potential for recidivism). Defendant's likelihood to be a recidivist is further evidenced by the fact that he previously was deported on April 23, 2005, following a felony conviction, and illegally reentered the United States in May 2007. (PSR ¶ 3); see United States v. Banda-Zarate, 232 Fed. Appx. 344, 2007 WL 2012716, *1-2 (4th Cir. July 10, 2007) (unpublished) (upholding an upward departure which was based in-part on the defendant's prior deportations). Finally, the fact that defendant received previous lenient sentences in state court also indicates a high likelihood of recidivism. See United States v. Denkler, 232 Fed. Appx. at 341. Specifically, defendant received probation for his second fourth-degree assault on his ex-girlfriend and again received probation for his third-degree robbery conviction where he threatened to kill a security officer who had attempted to detain him. Thus, because of defendant's fifteen (15) year criminal history, as well as his previous deportation, failure to submit to probation/parole conditions, and his prior lenient treatment indicate a high likelihood of recidivism, an upward departure is warranted.

Based upon the foregoing, the court finds that reliable information exists that defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history and the likelihood of defendant's recidivism and, therefore, an upward departure from a Category IV to a Category V is warranted. The court specifically finds that Category V is appropriate under the facts and circumstances presented.

## II. An Upward Departure Serves 18 U.S.C. § 3553(a)'s Sentencing Factors

Section 3553(a) provides a list of factors for the court to consider when imposing a sentence, stating in pertinent part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant;

18 U.S.C. § 3553(a).

As stated, defendant's criminal history spans over fifteen (15) years and includes a previous deportation following his conviction for a felony. Defendant's first conviction for false information occurred on October 18, 1992. Defendant's criminal activity then continued in rapid succession until December 6, 1994, when he was convicted of third-degree theft. Defendant resumed his criminal activities in December 2000, when he received a conviction for possession of a forged instrument--a fraudulent social security card. Defendant's criminal activity continued through December 31, 2003, when he was convicted of fourth-degree assault for pushing, kicking, and slapping his ex-girlfriend. During this time period, defendant's criminal activity increased in intensity and included three assault convictions. As stated previously, one of the assault convictions occurred in the presence of a minor child. Following his deportation, defendant remained outside of the United States until May 2007. He subsequently was arrested for the instant offense on June 21, 2007.

6

Defendant's criminal history demonstrates that he received probation/parole for many of his convictions, and shows a complete disregard for the law in that he violated the conditions of his probation/parole on several occasions. Defendant's record also demonstrates a complete disregard for the law because many of his convictions are separated by a time period of less than one year. Finally, defendant's record demonstrates that he presents a threat to the general public and to those close to him. For the foregoing reasons, § 3553(a)'s factors are well served by an upward departure and the court finds cause to do so.

## CONCLUSION

In accordance with U.S.S.G. § 4A1.3, and after consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a), the court finds that defendant's prior criminal history and additional evidence of defendant's continuing pattern of criminal behavior warrant an upward departure of defendant's Criminal History Category from IV to V. The Guideline range for an offense with a base level of twenty-one (21) and a Category V offender is seventy (70) to eighty-seven (87) months. Based on this range and for the reasons discussed herein, the court hereby sentences defendant to eighty-five (85) months imprisonment.

SO ORDERED this the 11th day of December, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge